Dale Smith was indicted for first degree kidnapping, in violation of § 13A-6-43, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to 35 years in prison as a habitual offender. He raises three issues on appeal. The relevant facts will be discussed as they arise.
 I
The appellant, Smith, first contends that he was denied a fair trial because the trial court refused to allow him to cross-examine several jurors, the victim, and an investigator for the district attorney's office after the State had supplied its reasons for striking prospective black jurors during the hearing on the appellant's Batson motion. The appellant does not argue that the reasons given by the State were not race-neutral; he argues that the court erred in denying his motion to cross-examine prospective jurors and witnesses in order to rebut the reasons given by the State for its peremptory strikes.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), the Supreme Court reaffirmed its earlier rulings that the Equal Protection Clause forbids the prosecutor from challenging potential jurors solely on the basis of race. The Court then held that "a defendant may establish a prima facie case of purposeful discrimination in the selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial."Batson, 476 U.S. at 96, 106 S.Ct. at 1723. Once a prima facie case is established, the burden of proof shifts to the State to articulate race-neutral reasons for striking prospective black jurors. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. These reasons must relate to the particular case to be tried. Batson,476 U.S. at 98, 106 S.Ct. at 1724.
Although the Batson court declined "to formulate particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges," Batson, 476 U.S. at 99,106 S.Ct. at 1724-25, the Alabama Supreme Court began to formulate those procedures in Ex parte Branch, 526 So.2d 609 (Ala. 1987). Under Branch, once the State has articulated race-neutral reasons for challenging prospective black jurors, the defendant may offer proof that "the reasons or explanations are merely sham or pretext." Branch at 624. The court then described the type of proof that may be offered as follows:
 "Other than reasons that are obviously contrived, the following are illustrative of the types of evidence that can be used to show sham or pretext:
 "1. The reasons given are not related to the facts of the case.
 "2. There was a lack of questioning to the challenged juror, or a lack of meaningful questions.
 "3. Disparate treatment — persons with the same or similar characteristics as the challenged juror were not struck. . . .
 "4. Disparate examination of members of the venire; e.g., a question designed to provoke a certain response that is likely to disqualify the juror was asked to black jurors, but not to white jurors. . . .
 "5. The prosecutor, having 6 peremptory challenges, used 2 to remove the only 2 blacks remaining on the venire.
 "6. '[A]n explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically.' . . . For instance, an assumption *Page 390 
that teachers as a class are too liberal, without any specific questions having been directed to the panel or the individual juror showing the potentially liberal nature of the challenged juror."
Branch at 624 (citations omitted).
We disagree with the appellant's contention that, once the State has articulated race-neutral reasons for striking prospective black jurors, the defendant has the right to cross-examine members of the venire and any individual who supplied the prosecutor with information concerning any members of the venire. Neither Batson nor Branch mandates that a defendant be given the opportunity to cross-examine jurors or other witnesses in order to establish that the State's reasons are a sham or a pretext. Although the list of the types of evidence set out in Branch is not all-inclusive, our reading of the types of evidence illustrative of sham or pretext indicates that Branch does not anticipate the cross-examination of jurors or allow a defendant to go behind a prosecutor's information to determine if such information was true. A trial court's Batson
findings largely turn on an evaluation of credibility. A prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral. See Gamble v. State, 257 Ga. 325, 357 S.E.2d 792, 794
(1987); Durham v. State, 185 Ga. App. 163, 363 S.E.2d 607, 610
(1987). The appellant's contention that he has a right to present such testimony constitutes a substantial expansion of the findings in Batson and Branch, and we decline to do so. SeeEx parte Lynn, 543 So.2d 709 (Ala. 1988), cert. denied,493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989) (allowing appellant unlimited cross-examination of prosecutor duringBatson hearing would constitute substantial expansion of holding in Batson.). The appellant's interpretation of Batson
and Branch would require trial courts to conduct a trial within a trial and would needlessly lengthen trials. Other jurisdictions have also declined to expand Branch in various ways. Some jurisdictions have held that the defendant does not have the right to cross-examine the prosecuting attorney in order to show that the prosecutor's reasons are based on pretext. State v. Porter, 326 N.C. 489, 391 S.E.2d 144 (1990);Powell v. State, 187 Ga. App. 878, 372 S.E.2d 234 (1988). At least two federal jurisdictions have held that Batson does not require that the defendant be given the opportunity to rebut the government's reasons for exercising a peremptory strike. United States v. Tucker, 836 F.2d 334, 340 (7th Cir. 1988), cert. denied, 490 U.S. 1105, 109 S.Ct. 3154,104 L.Ed.2d 1018 (1989); United States v. Davis, 809 F.2d 1194, 1202 (6th Cir.), cert. denied, 483 U.S. 1007, 107 S.Ct. 3234,97 L.Ed.2d 740 (1987). Although defendants have the right to such rebuttal under Branch, we find that the right to rebuttal does not include the cross-examination of jurors or the examination of victims, police officers, or any other individual who may have supplied the prosecutor with information about a juror which the prosecutor believes in good faith to be true. Thus, the trial court did not err in refusing to allow such cross-examination.
 II
The appellant next contends that the trial court erred in admitting certain items of physical evidence because the State failed to prove a proper chain of custody at the time the items were admitted. He specifically argues that the trial court erred in admitting a pair of white Nike tennis shoes, sixteen plaster casts of tire impressions, a Derringer pistol, a .38 caliber revolver, a knife, and a plastic bag containing nylon hose. This argument has no merit. We have carefully reviewed the record and find that the State proved a proper chain of custody as to each item. Even if error had been committed in admitting the first five items into evidence, any such error was harmless in light of the fact that the State did indeed prove a complete chain of custody during its case-in-chief. The plastic bag containing the nylon hose was also properly admitted into evidence. Our view of the record leads us to the conclusion that the bag was found by F.B.I. Agent McGinnis in the presence of Lieutenant Charles Andrews of the Alabama Bureau of Investigation. McGinnis *Page 391 
gave the bag to Andrews at that time. Andrews testified at trial that the bag with the nylon hose was in the same condition as when he received it. Although McGinnis did not testify at trial, we find that the State proved a proper chain of custody as to this item of evidence. See, e.g., Bell v.State, 339 So.2d 96 (Ala.Crim.App. 1976). Furthermore, in view of the fact that the appellant testified during the trial and contended that he was coerced into the kidnapping by his codefendant, we fail to see how the admission of the above-listed items of evidence, even if there had been a missing link in the chain of custody, could have harmed him.See Williams v. State, 506 So.2d 368 (Ala.Crim.App. 1986),cert. denied, 506 So.2d 372 (Ala. 1987).
 III
The appellant next contends that the trial court erred in admitting his prior felony conviction in the state of Georgia against him for purposes of the Habitual Offender Act because evidence of that conviction did not comply with Ala. Code 1975, § 12-21-70. We have searched the record for State's Exhibit No. 1, which was the evidence of the prior conviction and have been unable to locate it in the clerk's record. It is the appellant's responsibility to establish, on the record, all of the facts necessary for this court to make a ruling. Allen v.State, 382 So.2d 1147 (Ala.Crim.App.), cert. denied,382 So.2d 1158 (Ala. 1980). From all that appears from the record, the evidence of the prior conviction did comply with Ala. Code 1975, § 12-21-70. The following court reporter's notation appears in the record after the State asked the court reporter to mark State's Exhibit No. 1: "Whereupon, said exemplified copy of conviction was received and marked, 'State's Exhibit No. 1,' on sentencing, for identification." (R. 1668.) The prosecutor also stated the following during the sentencing hearing:
 "[I]t's an exemplified copy on the back you'll see where it (inaudible) statute of the United States by the Clerk of the Superior Court of Fulton County, by the Judge of the Superior Court of Fulton County and the Clerk of the Superior Court of Fulton County where the Clerk says the Judge is the Judge and the Judge says the Clerk is the Clerk and Clerk has has presented it to the Judge. . . . The only concern is it's a State case, it's certified, it's an out-of-State case, it's exemplified and it shows affirmatively on the face he had counsel at the time of his conviction, and this document does so."
(R. 1670-71.) The following court reporter's notation appears in the record after the conviction was admitted: "Whereupon, said exemplified copy of conviction was received and marked, 'State's Exhibit No. 1,' on sentencing, in evidence. . . ." (R. 1685). All of the evidence before us indicates that the prior conviction was properly admitted into evidence. Thus, we find that the appellant is not entitled to have his case remanded for resentencing.
For the reasons set forth above, the judgment in this case is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.