ON REHEARING
The opinion previously issued in this case is hereby withdrawn and the following corrected opinion is substituted therefor.
The appellant, Samuel Lee Johnson, was convicted of two counts of unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 20 years and 1 day imprisonment on each charge, with the sentences to run concurrently.
The state's evidence tended to show that during the early morning hours of October *Page 1148 
6, 1990, Officer Jimmy Ray Martin of the Selma Police Department, while working undercover, went to a residence at 2205 Alabama Avenue in Selma. There, Officer Martin purchased a "40" (two rocks of crack cocaine worth $40) from the appellant. Martin returned to police headquarters and submitted the drugs for lab analysis.
On October 11, Officer Martin returned to 2205 Alabama Avenue. While standing on the front porch of the residence, Martin asked the appellant if he could purchase another 40. The appellant told Martin that he would get him "fixed up" and went into the house. From outside, Officer Martin could see the appellant speaking with a black man. Although he could not hear their conversation, Martin saw the appellant hand the man something. The man then came outside and handed what appeared to be two rocks of crack cocaine to Officer Martin. When Martin asked him if he could "do any better," the man produced what appeared to be a large rock of crack from his pocket, pinched off a small portion, and also gave it to Martin. Officer Martin paid the man $40 for the two rocks and the "pinch" of crack and returned to headquarters.
The appellant presents three issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion under Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), arguing that the state used its peremptory strikes in a racially discriminatory fashion.
In Batson, the Supreme Court held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." 476 U.S. at 89,106 S.Ct. at 1719.
After making a timely Batson motion, the defendant must then establish a prima facie case, and, once he has done so, the prosecution must produce a race-neutral explanation for each strike of a minority veniremember. See, e.g., Avery v. State,545 So.2d 123 (Ala.Cr.App. 1988). The court's ruling on aBatson motion will be reversed only if it is clearly erroneous.Yelder v. State, [Ms. 3 Div. 212, Oct. 11, 1991], 1991 WL 238088 (Ala.Cr.App. 1991); Jackson v. State, 549 So.2d 616
(Ala.Cr.App. 1989).
The appellant in this case is black. The record reveals that the state used 15 of its 22 peremptory strikes to remove blacks from the venire, leaving 7 blacks and 5 whites to serve on the jury. After the jury was struck, the appellant made a timely motion under Batson. Without determining whether a prima facie case had been established, the judge allowed the state to justify the race-neutral reasons, if any, for its strikes.[1]
After the prosecution explained each of the strikes, the court denied the Batson motion. *Page 1149 
There is no evidence that the prosecution was racially motivated in exercising its peremptory strikes. Of the 15 black veniremembers removed by the prosecution, some had responded that they or a family member either had been charged with or had been convicted of a criminal offense; some knew the appellant, while one had previously done business with the appellant's counsel; and two black veniremembers indicated that they, a family member, or a close personal friend had a drug or alcohol problem. All of these reasons have been determined to be race-neutral. See Yelder v. State, 596 So.2d 596
(Ala.Cr.App. 1991); Yelder v. State, [3 Div. 212, Oct. 11, 1991], 1991 WL 238088 (Ala.Cr.App. 1991); Leonard v. State,551 So.2d 1143 (Ala.Cr.App. 1989); Powell v. State, 548 So.2d 590
(Ala.Cr.App. 1988), affirmed, 548 So.2d 605 (1989); Avery, supra; Strong v. State, 538 So.2d 815 (Ala.Cr.App. 1988); Lewisv. State, 535 So.2d 228 (Ala.Cr.App. 1988); Johnson v. State,512 So.2d 819 (Ala.Cr.App. 1987).
Because the state exercised its peremptory strikes in a race-neutral manner, no Batson violation occurred.
 II
The appellant also contends that the state's question during direct examination of a witness that insinuated that the appellant had committed crimes in the past was prosecutorial misconduct and that it so inflamed the jury that a reversal is required. The appellant has affirmatively waived this issue. At trial, the state asked Officer Jimmy Ray Martin whether he had seen the appellant "discussing or passing [crack cocaine] to other individuals here about the city of Selma since" Martin bought drugs from him (R. 76.) The appellant's counsel objected and moved for a mistrial.
After the circuit judge considered the motion, the following transpired:
 "THE COURT: . . . And if it's your [the appellant's] position and if you are indicating that you want a mistrial at this point, I'm inclined to say that's what you are entitled to and that's the way I will rule if you are insisting on the motion.
 "MR. SIMS (appellant's counsel): Judge, could I talk with my client for just a second?
"THE COURT: Yes, sir.
". . . .
 "MR. SIMS: Judge, after conferring with my client, I would like to withdraw my motion for a mistrial and go forward with the understanding that the DA understands that nothing like that can be brought up.
"THE COURT: All right, sir.
". . . .
 "THE COURT: . . . Let me go further and be sure I understand how you want to proceed. That being your position, do you want this to just remain as though nothing — no instruction be given to the jury at this point —
"MR. SIMS: Yes, sir.
"THE COURT: — with reference to disregard —
"MR. SIMS: Yes, sir."
(R. 82-83.) The circuit judge then asked the appellant's counsel if he would like the court to include in its charges to the jury an instruction to disregard any such comments by the state. The appellant indicated that he did not want the charge read and that he wanted "to proceed just as though nothing was said" (R. 84).
The record reflects no adverse ruling on the appellant's objection to the prosecutor's question or on his motion for a mistrial. An adverse ruling is a preliminary requirement to preservation of error for appellate review. Gibson v. State,555 So.2d 784 (Ala.Cr.App. 1989); Trawick v. State,431 So.2d 574 (Ala.Cr.App. 1983). No error occurred here.
 III
The appellant's final contention is that the state failed to establish an adequate chain of custody for the receipt into evidence of the crack cocaine purchased on October 6 and 11 that is the basis for the two charges against him after, he argues, it was demonstrated that it had been tampered with. *Page 1150 
"In order to establish a proper chain, the State must show to a 'reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.' " Ex parte Holton,590 So.2d 918, 920 (Ala. 1991).
 "In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' "
590 So.2d at 920.
Every person involved in the chain of custody testified at trial. Allen Adair, of the Alabama Department of Forensic Sciences, testified that when he received the evidence it was in a sealed envelope with the purchasing officer's initials undisturbed. There is no evidence of tampering here. The prosecution established a sufficient chain of custody. No error occurred here.
The judgment in this case is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; CORRECTED OPINION SUBSTITUTED; AFFIRMED; RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
[1] Once the circuit court requires the prosecution to justify its strikes, it does not matter whether the appellant made a prima facie showing of discrimination. Currin v. State, 535 So.2d 221
(Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala. 1988). The prosecutor explained his strikes after the appellant made his motion.
We conclude that there was no prima facie case of discrimination in the instant case. Here, 58% of the jury was black (7 of 12), while only 39% of the venire was black (22 of 56). "When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created." Ex parte Harrell, 571 So.2d 1270, 1271
(Ala. 1989). See also Demunn v. State, [Ms. 90-940, Oct. 11, 1991], 1991 WL 238130 (Ala.Cr.App. 1991) (Bowen, J., concurring in result only) (no prima facie case established where five blacks served on the jury); United States v. Forbes,816 F.2d 1006 (5th Cir. 1987) (no prima facie showing of discrimination when black/white ratio on jury is the same as black/white ratio on venire).
Though we have concluded that the appellant has failed to establish an inference of discrimination, we will still "examine the state's explanations for its strikes in light of our rule regarding the defendant's burden of production in presenting a prima facie case." Ex parte Bird, 594 So.2d 676
(Ala. 1991). See also Hernandez v. New York, ___ U.S. ___,111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); McLeod v. State,581 So.2d 1144 (Ala.Cr.App. 1990); Avery, supra.