ON RETURN TO REMAND
On original submission, this case was remanded for the trial court to conduct a hearing pursuant to Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parteBranch, 526 So.2d 609 (1987). Insley v. State, 591 So.2d 589,690 (Ala.Cr.App. 1991).
At that hearing, the appellant's counsel, who was not trial counsel and who admitted that he was not present for the jury voir dire and the selection of the jury, argued that the prosecution used its peremptory strikes against two of the three black veniremembers. The prosecutor who tried the case argued that there were five blacks on the 34-member venire; that each party had 11 strikes; and that each party struck two black veniremembers. It is undisputed that one black served on the jury.
Although finding that the appellant had not established a prima facie case of discrimination, the trial judge, in "an abundance of caution," requested the prosecutor to state his reasons for striking the two black veniremembers. R. 9. The prosecutor objected and responded:
 "Judge, in response to that, with your ruling being they have not made a prima facie case from the case law I have seen recently, it is a major error for me to put my reasons on the record. The reason being, according to case law and what I have seen, is that once you put my reasons on the record, the appeal courts are *Page 449 
ignoring the ruling on the prima facie issue and going straight to the reason, assuming that is the reasons given, they will go straight to the reasons and not look at the issue as to whether or not a prima facie case was made. For that reason, I object to putting my reasons on the record and do not, at this time, want to do so. And, the Court, in their ruling that remanded this case back was very specific. In the event a prima facie case is established, the burden of production shifts to the State to articulate a race neutral reason for each strike. Your ruling that there has not been a prima facie case, therefore the burden has not shifted to me at this point. And, for that reason, I will respectfully decline to give my reasons on the record." R. 10-11.
The trial judge then denied the appellant's motion.
The trial court correctly found that the appellant had failed to establish a prima facie case of racial discrimination in the prosecutor's use of his peremptory strikes. "[A] defendant cannot prove a prima facie case of purposeful discriminationsolely from the fact that the prosecutor struck one or more blacks from his jury. A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination." Harrell v. State, 571 So.2d 1270,1271 (Ala. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1641,113 L.Ed.2d 736 (1991). Under these circumstances, it was proper for the prosecutor to decline to state his reasons for the exercise of his peremptory challenges.
Batson dictates that the prosecutor state his reasons for his peremptory strike of black veniremembers only after the trial court has found that the defendant has presented a prima facie case of racial discrimination. "If the trial court determines that a prima facie case exists, the prosecution must then come forward with a race-neutral explanation as to why peremptory challenges were used to exclude members of a minority." Harrellv. State, 555 So.2d 263, 268 (Ala. 1989).
 "The burden of persuasion is initially on the party alleging discriminatory use of peremptory challenges to establish a prima facie case of discrimination. . . .
". . . .
 "After a prima facie case is established, there is a presumption that the peremptory challenges were used to discriminate against black jurors. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. The state then has the burden of articulating a clear, specific, and legitimate reason for the challenge which relates to the particular case to be tried, and which is nondiscriminatory. Batson, 476 U.S. at 97, 106 S.Ct. at 1723."
Ex parte Branch, 526 So.2d 609, 622-23 (Ala. 1987) (emphasis in original).
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur. *Page 975