The appellant, Andrew Carrington, was convicted of the murder of Roderick Presswood. He was sentenced to 30 years in prison.
As regards time standards, this case exemplifies the dilemma encountered by appellate courts. Although the notice of appeal was filed December 6, 1991, this case was not submitted to this court for consideration until September 1, 1992. September 11 was the last day this opinion could be released and still comply with the American Bar Association time standard of 280 days from notice of appeal to opinion. However, considering this court's schedule for circulating and voting on cases, the earliest date that we can release this opinion is September 30, 1992, which is beyond the date to meet the time standards.
The appellant's only contention on appeal is that the prosecutor violated Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, the United States Supreme Court held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." 476 U.S. at 89,106 S.Ct. at 1719. The protection of this doctrine was extended to non-minority defendants by the United States Supreme Court inPowers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991). It was further extended to civil litigants in Edmondson v. Leesville Concrete Co., Inc., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).
By law, therefore, after the defense makes a timelyBatson motion and establishes a prima facie case of discrimination, it is incumbent upon the prosecutor to justify his striking of black prospective jurors by reciting race-neutral reasons. Kelley v. State, 602 So.2d 473
(Ala.Cr.App. 1992). Here, the voir dire of the prospective jurors is not contained in the record. However, after the jury was selected, the defendant made his Batson motion and the court noted that before the prosecution was required to give its reasons, a prima facie case of discrimination had to be shown. However, the court, out of an abundance of caution and without ruling on whether a prima facie showing had been made, heard the prosecution's reasons for striking the black prospective jurors.
No prima facie case of discrimination was established in this case. Nine of the potential 27 veniremembers — or one-third — were black. When the jury was chosen, 5 of the 13 jurors (including the alternate) were black. Therefore, a greater percentage of blacks served on the jury than the percentage that composed the venire. The Fifth Circuit Court of Appeals in United States v. Forbes, 816 F.2d 1006 (5th Cir. 1987), stated that when the black/white ratio on the jury is at least the same as the ratio on the venire, no prima facie showing *Page 449 
of purposeful discrimination has been made. However, if the trial court requires the prosecutor to come forward with the reasons for its strikes, this court is required to consider those reasons, even if no prima facie case of discrimination has been shown.
Although we conclude that no prima facie case of discrimination existed here, the trial court allowed the prosecution to state his reasons for striking the black prospective jurors and we are required by law to examine those reasons to determine whether they are race-neutral. Exparte Bird, 594 So.2d 676 (Ala. 1991).
The appellant questions the striking of three prospective jurors. The prosecution stated that he struck these individuals because they were young and single. The appellant was also young and single. There is no evidence of disparate treatment because three white prospective jurors were struck for the same reason.
This court, in Mathews v. State, 534 So.2d 1129
(Ala.Cr.App. 1988), faced the question whether striking black prospective jurors because they were young and single was a valid race-neutral reason. As Judge Bowen stated:
 " '[W]hile we find that in this case the reasons are racially neutral, our opinion should not be construed . . . to hold these reasons to be automatically race-neutral in any other case.' Lockett [v. State], 517 So.2d [1346] at 1352 [(Miss. 1987)]. Here, it appears that the state 'challenged non-black jurors with the same or similar characteristics as the black jurors who were struck.' [Ex parte] Branch, 526 So.2d [609] at 623 [(Ala. 1987)]."
534 So.2d at 1130.
We will accord the decision of the trial court great deference on appeal. This court will only reverse a trial court's decision on whether a Batson violation has occurred if that ruling is "clearly erroneous." Parker v.State, 568 So.2d 335 (Ala.Cr.App. 1990). "[W]e are convinced that the trial judges in our system are in a much better position than appellate judges to decide whether the truth has been stated." Ex parte Scales,539 So.2d 1074 (Ala. 1988). Therefore, we hold that the reason given by the prosecution was race-neutral under the circumstances of this case, i.e., the large percentage of blacks on the jury and the fact that white prospective jurors were struck for the same reason. The trial court's ruling was not erroneous.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.