The appellant, Walter Bush, Jr., was convicted of possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to 7 years in prison.
The appellant's only argument on appeal is that the trial court erred in denying his Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion. In Batson, the United States Supreme Court held:
 "The Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant."
476 U.S. at 89, 106 S.Ct. at 1719. The ruling inBatson was extended to white defendants in Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and to civil litigants in Edmondson v. Leesville Concrete Co., ___ U.S. ___,111 S.Ct. 2077, 114 L.E.2d 660 (1991). The United States Supreme Court recently in Georgia v. McCollum, ___ U.S. ___,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), and a majority of this court in Lemley v. State, 599 So.2d 64 (Ala.Cr.App. 1992) (Taylor, J., concurring in result only), further extendedBatson to defense counsel in criminal cases.
In this case, 9 of the 28 veniremembers were black. The state struck four of the prospective black jurors and five blacks sat on the jury. The percentage of blacks in the venire was 32% and the percentage of blacks on the jury was 42%. The percentage of blacks on the jury was greater than the percentage in the venire. This creates a strong presumption that there was no discrimination in the selection of the jury.
 " 'A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, . . . then it should also be available to show the absence of a discriminatory purpose.' " *Page 505 
Christianson v. State, 601 So.2d 512, 515-16 (Ala.Cr.App. 1992), quoting Harrell v. State, 571 So.2d 1270, 1271-72 (Ala. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1641, 113 L.Ed.2d 736
(1991).
However, because the trial court asked the state's attorney to articulate her reasons for striking black veniremembers, we will consider those reasons in determining whether aBatson violation has occurred. Carrington v. State,608 So.2d 447 (Ala.Cr.App. 1992). We note that "while the State's reasons here are subject to appellate scrutiny, the scrutiny is less exacting than it would be if the appellant had made a strong prima facie showing of discrimination" Carrington,608 So.2d at 448.
The appellant questions the removal of two black prospective jurors. The reasons given by the state for removing these two prospective jurors are as follows:
 Juror number 36 — Because she was single and also because the prosecutor stated, it had been her experience that people of this juror's social and economic background sympathized with defendants.
 Juror number 32 — Because he had the same view as another prospective juror who had been struck who stated that he believed that tobacco and alcohol were just as damaging as cocaine and marijuana and he didn't know why cocaine and marijuana had not been legalized.
The fact that a veniremember is single may be a legitimate race-neutral reason for striking a black prospective juror.Mathews v. State, 534 So.2d 1129 (Ala.Cr.App. 1988). However, striking prospective jurors because they are single can lead to great abuse and that reason should be carefully scrutinized to determine whether it is a mere sham or pretext. Ex parte Bird,594 So.2d 676 (Ala. 1991). The prosecutor, when explaining her reasons, also stated that she struck a white juror because she was single. However, our concern in the striking of juror No. 36 was the reason given concerning her socio-economic background. If this juror had been struck solely on the fact that she was a member of a low socio-economic class, we would be compelled to reverse this case for the reasons stated inCarter v. State, 603 So.2d 1137 (Ala.Cr.App. 1992). However, because the jury consisted of a high percentage of blacks and because the other reason given for striking this juror, being single, was the same reason as that given for striking a white juror, we find that no violation of Batson occurred here.
The reason given for striking juror number 32 was that juror's view on drugs. Two jurors responded during voir dire that they thought that cocaine and marijuana should be legalized. After a review of the record of voir dire proceedings, we conclude that this juror was not one of those who responded that he believed cocaine and marijuana should be legalized. "A prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral." Smith v. State, 590 So.2d 388, 390
(Ala.Cr.App. 1991). After reviewing the record of voir dire proceedings, we believe that there was no bad faith on the part of the prosecutor.
We will not reverse a trial court's decision on whether aBatson violation has occurred unless the ruling is "clearly erroneous." Sims v. State, 587 So.2d 1271 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1179, 117 L.Ed.2d 423
(1992). The trial court noted the high percentage of blacks sitting on the jury when it denied the Batson motion. We agree that the fact that a large number of blacks actually sat on the jury created a strong presumption against discrimination.Carrington, supra; Christianson, supra; Johnson v. State,601 So.2d 1147 (Ala.Cr.App. 1992). We hold that no violation ofBatson occurred in this case.
For the foregoing reasons the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 506