McMILLAN, Judge.
The appellant was charged with murder and was convicted of the lesser included offense of manslaughter. She was sentenced to 15 years in the penitentiary, and the sentence was split so that she would serve three years in prison and the balance of the sentence was suspended.
The appellant argues that the trial court erred in failing to grant her motion to exclude the jury, based on the prosecutor’s allegedly discriminatory striking of the jury, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record indicates that defense counsel objected to the manner in which the jury was selected, stating that the prosecutor used all his strikes except one to strike blacks from the jury. The trial court responded that the appellant would be granted a hearing; however, the trial court proceeded to administer the oath to the jury and to release the remaining veniremembers. Thereafter, the trial court began instructing the jury concerning trial matters. The prosecutor then asked the trial court if a hearing was going to be held on the appellant’s motion. The trial court responded, “Do we have to do that now or doesn’t he just reserve the right to do it?” Defense counsel responded that the timing was a matter for the trial court to determine, based on his objection. The trial court then stated that a hearing would be held following a recess. Thus, this matter was timely raised.
During the hearing, defense counsel objected to the prosecutor’s allegedly systematic and routine striking of only black jurors from the venire, with the one exception. The prosecutor responded that defense counsel had also systematically and routinely struck white members. The prosecutor further pointed out that the venire was composed of 68% black members and 32% white members, and that the jury was composed of 10 black members and 2 white members, so that the jury was 83% black and 17% white. Thus, the prosecutor noted that the jury contained a higher percentage of blacks than the venire had contained. The prosecutor continued, stating:
“Judge, getting back to this statement, the jury is overwhelmingly black. We have to strike a certain number of jurors, so we had to strike some blacks. And [defense counsel] systematically struck every white on the jury that he could get to. Every one of his strikes he struck white people and made [the jury] even blacker as we went on. Well, we did strike six blacks and one'white. At the sixty-six percent point we had struck five blacks and one white. At the time he finished his last strike he struck all whites. We struck five blacks and one white.”
Thereafter, the trial court held that the .facts did not support any finding of discrimination under the circumstances. The trial court denied the appellant’s motion.
In its brief on appeal, the State makes an equitable “unclean hands” argument concerning the appellant’s actions in raising this Batson claim, arguing the appellant used all of her strikes to remove whites, who were the minority on this particular venire, from the jury. The State submits that the principles announced in Batson v. Kentucky, supra, are based on certain equitable principles, such as “equity is equality and equality is equity.” Therefore, the prosecutor argues, the trial court’s denial of the appellant’s Bat-son motion was proper, under these facts.
In Hood v. State, 598 So.2d 1022 (Ala.Cr.App.1991), this court upheld a trial court’s determination that the appellant did not meet his burden of presenting a prima facie case of discrimination by the State in selecting a jury. In that case, 15 persons on the 44-person venire panel were black, or 34%. The State then used 10 of its 16 peremptory challenges to strike blacks from the jury. The appellant used all of his 16 peremptory challenges to strike whites from the jury. The resulting jury was composed of 7 whites and 5 blacks, so that 41.7% of the jury was black. In upholding the trial court’s determination, this court quoted Harrell v. State, 571 So.2d 1270 (Ala.1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991), wherein the Alabama Supreme Court stated:
“ 1) The lawfully established venire consists of 28 people, of whom 10 (35.7%) were *1050 black; 2) the prosecutor used 5 of her 8 peremptory challenges to strike blacks and the remaining three to strike whites; 3) defense counsel used all 8 of his peremptory challenges to strike whites from the venire; and 4) the jury that was ultimately empaneled consisted of 5 blacks, amounting to 41.7% of the jury (a greater percentage than was on the lawfully established venire), and 7 whites.
“ ‘If these were the only facts Harrell relied on to raise an inference of discrimination, we would agree with the State and reverse the judgment of the Court of Criminal Appeals_ [A] defendant cannot prove a prima facie case of purposeful discrimination solely from the fact that the prosecutor struck one or more blacks from his jury. A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, then it should also be available to show the absence of a discriminatory purpose.’ ”
Hood v. State, supra, at 1023-24 (first emphasis in Harrell; second emphasis added in Hood) (citation omitted). Thus, in Hood, this court upheld the trial court’s determination that a prima facie case of discrimination had not been proved for the reasons enunciated in Harrell: (1) because the appellant provided no evidence of discrimination other than the number of blacks who had been struck by the prosecutor, and (2) because the prosecutor’s strikes did not result in a disparate number of blacks being empaneled as jurors. “Instead, the process resulted in a jury of proportionately more black citizens than the venire from which it was selected.” Id., at 1024.
Similarly, in Bush v. State, 611 So.2d 503 (Ala.Cr.App.1992), this court affirmed the trial court’s determination that the defendant failed to make a prima facie showing of discrimination by the prosecutor in his striking of the jury. In Bush v. State, supra, the venire was originally composed of 28 members, 9 of whom were black. The prosecutor struck 4 black members, leaving 5 blacks to serve on the jury. Thus, while the percentage of blacks on the venire was 32 percent, the percentage of blacks on the jury was 42%. This court held that the fact that there was a greater percentage of blacks on the jury than on the venire created “a strong presumption that there was no discrimination in the selection of the jury.” 611 So.2d at 504. See also Insley v. State, 600 So.2d 448 (Ala.Cr.App.1992) (defendant failed to establish a prima facie case of discrimination in the prosecutor’s use of peremptory strikes, where there were originally 5 blacks on a 34-person venire and the prosecutor used 2 of his 11 peremptory challenges to strike blacks and defendant used 2 peremptory challenges to strike blacks, leaving one black to serve on the jury.)
Despite the appellant’s argument that the State should have been made to give reasons for its strikes, “[u]nder these circumstances, it was proper for the prosecutor to decline to state his reasons for the exercise of his peremptory challenges.” Insley v. State, supra, at 449. The State does not have the burden of articulating sufficiently race-neutral reasons for its challenges until the appellant establishes a prima facie ease of discrimination. Ex parte Branch, 526 So.2d 609, 622-23 (Ala.1987).
Moreover, as to the State’s reference to the equitable doctrine of unclean hands, this Court has stated:
“When both parties engage in the same outward conduct, the defendant does not establish that the State’s inward motivation was ‘bad’ by arguing that his own was ‘good.’ The defendant has the burden of going forward with evidence implying the presence of a discriminatory intent on the part of the State, not the absence of a discriminatory intent on his own part.”
DeFries v. State, 597 So.2d 742, 751 (Ala.Cr. App.1992) (wherein both the State and the defendant used two of their strikes to eliminate blacks from the jury).
*1051 In this case, the trial court was in the better position to determine whether a prima facie case of discrimination was made.
“Great confidence is placed in our trial judges in the selection of juries. Because they deal on a daily basis with the attorneys in their respective counties, they are better able to determine whether discriminatory patterns exist in the selection of juries. See Davis v. State, 555 So.2d 309, 312 (Ala.Cr.App.1989).
“While trial judges should not ‘lightly brush ... aside’ an accused’s Batson claim or ‘require a strict or rigid quantum of proof,’ Harrell [v. State], 555 So.2d [263] at 268 [ (Ala.1989) ], an appellant still must make some showing that the prosecutor used his peremptory strikes in a purposefully discriminatory manner. This is true especially where, as here, several of the jurors selected are black.”
Parker v. State, 571 So.2d 381, 384 (Ala.Cr.App.1990), citing Allen v. State, 555 So.2d 1185 (Ala.Cr.App.1989); Currin v. State, 535 So.2d 221, 224 (Ala.Cr.App.), cert. denied, 535 So .2d 225 (Ala.1988).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur, except BOWEN, P.J., who concurs in result only, with opinion.