TAYLOR, Judge.
The appellant, Gary Lee Jackson, was convicted of burglary in the second degree, a violation of § 13A-7-6, Code of Alabama 1975, and of attempted assault in the first degree. He was sentenced, pursuant to the Habitual Felony Offender Act, to life in prison.
The evidence tended to show that on June 27, 1991, the appellant broke into the Bear Creek Gulf gasoline service station and convenience store in Houston County, Alabama. When Frankie Paschal of the Houston County Sheriffs Department attempted to arrest the appellant as he was leaving the store, the appellant jumped on the officer, bit his wrist and thumb, took the officer’s gun from him and beat him in the head with it. The appellant then ran away. After he was found, the appellant confessed that he had burglarized the store and had assaulted Officer Paschal.
I
The appellant argues that the circuit court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson prohibits the removal of blacks from a black defendant’s jury for racial reasons. The Batson holding was extended to white defendants in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and to civil litigants in Edmondson v. Leesville Concrete Co., — U.S. -, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Batson also has been extended to defense counsel in criminal trials. Georgia v. McCollum, — U.S. -, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). A majority of this court, in Williams v. State, [Ms. 91-1259, February 12, 1993], 1993 WL 34896 (Ala.Cr.App.1993), extended Batson to the striking of white veniremembers.
The court, finding that the appellant had failed to prove a prima facie case of discrimination, overruled the appellant’s Bat-son motion without requiring the state to provide race-neutral reasons for its strikes. The state is obliged to give reasons for its strikes only when the defense establishes a prima facie case of discrimination. Johnson v. State, 601 So.2d 1147 (Ala.Cr.App.1992).
Here there were 38 members of the venire. Six members, or 15.8%, of the venire were black. The state struck 3 blacks from the venire leaving 3 black members, or 25%, on the 12-member jury.
The Supreme Court of Alabama has stated:
*413 “A defendant must offer some evidence in addition to the striking of blacks that would raise the inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.”
Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), cert. denied, — U.S. -, 111 S.Ct. 1641, 118 L.Ed.2d 736 (1991).
This court has held that where the black/ white ratio of the jury is the same or greater than the blaek/white ratio of the venire, there is no prima facie case of discrimination. Raspberry v. State, 615 So.2d 657 (Ala.Cr.App.1992).
Here, a greater percentage of blacks served on the jury than were in the venire. The circuit court was correct in finding that no prima facie case of racial discrimination was established.
II
The appellant also argues that the circuit court erred in ordering him to provide his witness list to the state. Case law supports the converse of this argument, i.e., the defendant in a criminal case has no right to obtain the identity of witnesses who will testify against him. Ex parte Bell, 475 So.2d 609 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). Likewise, a criminal defendant cannot be required to provide the state with the names of the witnesses he intends to call. Furthermore, Rule 16.2(d), A.R.Crim.P., provides in pertinent part that “this rule does not authorize the discovery or inspection of reports, memoran-da, or other internal defense documents made by the defendant’s attorneys or defendant’s agents in connection with the investigation or defense of the case.”
The state did not have the right to the appellant’s witness list. It was error for the court to order the appellant to provide the state with his witness list. An error, however, will cause a reversal only when it “has probably injuriously affected substantial rights of the parties.” Rule 45, AR.App.P. The appellant has not shown, and we have not found, any error here which injured the appellant. It appears that the witness lists were never exchanged. Moreover, the appellant did not call any witnesses at trial. No reversible error occurred here. We reserve ruling on the substantive issue of whether reversible error would result in other proceedings where a defendant was required to, and did, provide the prosecution with his witness list. Requiring the defendant to expose his defense may be prima facie injurious to his substantial rights.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.