James Earl Thomas, the appellant, was convicted of robbery in the first degree and was sentenced to life imprisonment without parole as a habitual felony offender. The appellant raises three issues on this appeal from that conviction.
 I.
We hold that the trial court properly denied the appellant's motion to suppress.
The evidence shows that the clerk at the Suwannee Swifty store in Dothan, Alabama, was robbed by a masked man at approximately 8:30 on the night of December 1, 1991. Suspicion focused on the appellant because his wallet was discovered near the scene of the crime, together with a stocking mask, money taken from the store, and personal items taken from the clerk. Around 1:40 on the afternoon of December 2, 1991, the appellant was confronted by two officers of the Dothan Police Department. Although there was testimony that the appellant was not placed under arrest, he was advised of his constitutional rights, handcuffed, placed in the back seat of a patrol car, and taken to the Dothan Police Department where he was detained for most of the day.
At the police department the appellant gave two statements. It is undisputed that he signed two printed waiver of rights forms.
At the hearing on the motion to suppress the appellant's confession, the prosecution presented a minimally sufficient prima facie case that the appellant did knowingly, intelligently, and voluntarily waive his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). The appellant, after testifying that he signed the printed waiver forms, stated that he told the interrogating officer that he "wanted a lawyer," and that the officer "didn't answer," but just went ahead and asked the appellant questions. R. 31-32.
One difficulty presented by this case results from the fact that the officer did not specifically testify that the appellant never requested a lawyer. In fact that officer testified, in this regard, only that the appellant signed the waiver of rights form. However, the portion of that waiver of rights form[1] which appears immediately before the appellant's admitted signature states:
"WAIVER OF RIGHTS
 "I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at *Page 1176 
this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me to get me to make a statement." CR. 55, 57.
This statement in conjunction with the officer's testimony presents conflicting evidence with that of the appellant on the issue of voluntariness. See Gamble v. State, 48 Ala. App. 605, 266 So.2d 817 (1972).
Our review convinces us that this case presented a question of credibility for the trial court.
"The State has the burden of proving that the defendant's confession was voluntary. Whether a confession is voluntary is determined by an examination of the totality of the circumstances surrounding the giving of the confession."Carden v. State, 612 So.2d 506, 508 (Ala. 1992). "It is well settled in this Court that '[e]xtrajudicial confessions areprima facie involuntary and inadmissible, and [that] the burden is on the State to prove that the confession was made voluntarily.' Ex parte Callahan, 471 So.2d 463, 464
(Ala. 1985)." Ex parte Matthews, 601 So.2d 52, 53 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992). "When there is conflicting evidence of the circumstances surrounding an incriminating statement or a confession, it is the duty of the trial judge to determine its admissibility, and if the trial judge decides it is admissible his decision will not be disturbed on appeal 'unless found to be manifestly contrary to the great weight of the evidence.' " Ex parteMatthews, 601 So.2d at 53. See also Ex parte Woods,592 So.2d 636, 637-38 (Ala. 1991). " ' "Where the evidence of voluntariness is conflicting, and even where there is credible testimony to the contrary, the trial judge's finding of voluntariness must be upheld unless palpably contrary to the weight of the evidence." ' " Dixon v. State, 588 So.2d 903, 908
(Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 904,116 L.Ed.2d 805 (1992).
"In weighing the evidence of voluntariness and involuntariness, the trial judge was presented with a question of credibility. Player v. State, 421 So.2d 1338, 1343
(Ala.Cr.App. 1982). 'Where the voluntariness inquiry presents conflicting evidence and the trial judge finds that the confession was voluntarily made, great weight must be given his judgment.' Williams v. State, 461 So.2d 834, 838
(Ala.Cr.App. 1983), reversed on other grounds, Ex parteWilliams, 461 So.2d 852 (Ala. 1984). Here, the trial judge's determination of voluntariness is supported by substantial evidence. Our independent weighing of the totality of the circumstances convinces us that his decision is due to be upheld by this Court." Leonard v. State, 551 So.2d 1143, 1148
(Ala.Cr.App. 1989).
 " '[A] statement made subsequent to an arrest is prima facie involuntary and inadmissible at trial; thus, the State must prove the statement was voluntarily made and must lay a Miranda predicate before the statement is admissible. Whether a waiver is voluntarily, knowingly, and intelligently made depends upon the particular underlying facts and circumstances of each case, including the background, experience, and conduct of the accused — the totality of the circumstances. "Any clear manifestation of a desire to waive is sufficient. The test is the showing of a knowing intent, not the utterance of a shibboleth." The trial judge need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made. The voluntariness of a statement is a question of law for the court, to be determined upon preliminary proof, taken outside the presence of the jury, and such finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence, or is manifestly wrong.'
". . . .
 " '[O]nce an accused asks to remain silent or requests an attorney, all questioning of that accused must cease at that point. However, "an accused having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him unless the accused himself initiates further communication, exchanges or conversations with the police." ' "
Ex parte Williams, [Ms. 1911047, April 2, 1993], 1993 WL 93983, *3-4 (Ala. 1993) (citations omitted).
"In Alabama, a confession obtained as a result of an illegal arrest is inadmissible as a *Page 1177 
violation of the Fourth Amendment and also as a violation of Art. I, § 5, of the Alabama Constitution. . . . The burden is on the State to prove that a challenged arrest was lawful." Exparte W.T.K., 586 So.2d 850, 852 (Ala. 1991).
At the hearing on the motion to suppress, defense counsel challenged the voluntariness of the waiver but did not contest the illegality of the detention, even though the alleged illegality of detention had been raised in a pretrial motion to suppress. CR. 27. This was a separate motion from the appellant's "motion for exclusion of involuntary admissions and confessions."
It appears to this Court that even if the appellant was actually under arrest from the time he first came in contact with the police, that "arrest" was justified. The police had probable cause to arrest the appellant because they found his wallet near the scene of the crime and near items from the victim's purse. "Probable cause exists if facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe that the suspect has committed a crime." Dixon v. State, 588 So.2d at 906.
No error resulted from the trial court's denial of appellant's motion to suppress.
 II.
The prosecutor used three of his eight peremptory jury strikes to remove three of the six black members of the venire. The State removed juror # 29 because she was single and because the prosecutor had information from the police that she was a "doper." R. 55. Involvement in or connection with criminal activity may serve as a race-neutral reason for a strike. Heard v. State, 584 So.2d 556, 560 (Ala.Cr.App. 1991);McLeod v. State, 581 So.2d 1144, 1154-55 (Ala.Cr.App. 1990).
The two remaining black veniremembers (a black male and a black female) were struck because they were single. Although "single" is a highly suspect reason for striking a veniremember, Christianson v. State, 601 So.2d 512, 515
(Ala.Cr.App. 1992), such strikes have been upheld where the prosecution removes all single veniremembers. See Whitehead v.State, 608 So.2d 423, 428 (Ala.Cr.App. 1992).
Here, the prosecutor testified that he "took all the single people off the jury white and black." R. 54. However, there was one single white female on the jury. The prosecutor explained that he made a "mistake" and struck another veniremember instead because he "thought" she was single. The prosecutor offered to replace the single white veniremember on the jury with the mistakenly struck veniremember who was married. However, defense counsel declined this offer. R. 56-57. " 'A prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral.' Smith v. State, 590 So.2d 388, 390
(Ala.Cr.App. 1991)." Bush v. State, 611 So.2d 503, 505
(Ala.Cr.App. 1992). We find no error in the trial court's denial of the appellant's Batson motion.
 III.
Although the evidence indicates that the appellant remained outside the store during the commission of the actual robbery, the prosecution presented sufficient evidence to prove that the appellant aided and abetted Roderick Newby and Huey Dozier in the commission of the crime. There was evidence that the appellant was involved in the planning of the robbery and that he supplied Newby with a pair of overalls used in the robbery. Items from the victim's purse, the appellant's wallet, a stocking mask used in the robbery, and items taken during the robbery were discovered outside the store. Under the principles collected in White v. State,546 So.2d 1014, 1016-18 (Ala.Cr.App. 1989), and Cumbo v. State,368 So.2d 871, 874-75 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979), the question of the guilt of the appellant was properly submitted to and decided by the jury.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant signed two identical waiver of rights forms: Before being questioned at 2:10 and at 4:30 on the afternoon of December 2, 1991. *Page 1178