I concur in the holding in the main opinion that the criminal and civil proceedings in this case are parallel proceedings and that the civil proceedings threaten Bryan Rawls'sFifth Amendment right against self-incrimination. I write separately to express my view on the balancing of interests that I believe is called for in cases such as this where the Fifth Amendment right is being asserted in the context of parallel civil and criminal proceedings.
The main opinion states: "For the reasons stated, Bryan'sFifth Amendment right against self-incrimination outweighs the other factors to be considered in the balancing test, including any potential prejudice to Teresa." 953 So.2d at 386. The dissent frames the inquiry in terms of Rawls's interest in "the greatest possible share of the marital estate" and Teresa's interest in "terminating an allegedly abusive marriage and moving on with her life." 953 So.2d at 392.
I agree with the dissent that if the test is whether Rawls'sFifth Amendment right against self-incrimination outweighs the prejudice to his wife that results from delaying the divorce proceeding, then to ask the question is to answer it. However, I do not agree with the dissent that the only interests to be considered are Rawls's interest in receiving "the greatest possible share of the marital estate" and Teresa's interest in "terminating an allegedly abusive marriage and moving on with her life." Rawls's Fifth Amendment right is threatened, and it is this threat — not his Fifth Amendment right against self-incrimination itself, but the threat to that *Page 388 
right — that should be weighed in the balance.
The dissent states: "Because [Rawls] may refuse to answer, the fact that he may be asked a question the response to which could incriminate him presents no Fifth Amendment issue." 953 So.2d at 391-92. If, however, Rawls chooses to litigate some issues in the civil proceeding while remaining silent as to others, he runs the risk of waiving his Fifth Amendment right against self-incrimination as to those issues. The Fifth Amendment privilege cannot be selectively invoked, and once answers to incriminating questions have been given, the privilege is waived regarding questions on the same subject. 5 Wayne R. LaFave et al, Criminal Procedure § 24.5 (2d ed.1999); John E. Nowak Ronald D. Rotunda, Constitutional Law § 7.6(a) (4th ed.1991). The parallel proceedings here force Rawls "to choose between `asserting his Fifth Amendment rights or participating fully in'" the civil divorce proceedings. Exparte. Antonucci, 917 So.2d 825, 831 (Ala. 2005).[4]
I believe that the threat to Rawls's Fifth Amendment right against self-incrimination and his interest in the outcome of the divorce proceeding, as well as Teresa's interest in the outcome of the divorce proceeding, are proper interests to be weighed in deciding whether the divorce proceeding should be stayed pending the resolution of the criminal charges against Rawls; however, I believe that Rawls's due-process rights to effectively defend himself in the criminal trial and both Rawls's and his wife's rights to effectively litigate the divorce proceeding ought also to be considered.
Although this Court has usually discussed the balancing involved in this type of case in terms of the Fifth Amendment, we have never limited the analysis to Fifth Amendment principles. For example, in Ex parte Baugh,530 So.2d 238, 242 (Ala. 1988), this Court quoted Wehling v. ColumbiaBroadcasting System, 608 F.2d 1084, 1088 (5th Cir.1979), for support as it crafted a test for determining whether to stay a parallel civil proceeding. In Wehling, the United States Court of Appeals for the Fifth Circuit had pointed out that a party seeking protection from an adversary's discovery requests "`had, in addition to his Fifth Amendment right to silence, a due process right to a judicial determination of his civil action.'" Further, the Fifth Circuit Court of Appeals stated that ordering a party to answer questions in a related civil proceeding while the criminal action was pending "forced [the] plaintiff to choose" between his right to silence under the Fifth Amendment and his due-process right to litigate his civil action. The Fifth Circuit Court of Appeals concluded that "`[t]he Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another.'" 530 So.2d at 242 (quoting Wehling,608 F.2d at 1088). In Baugh, this Court thus recognized that criminal defendants have a right to a fair determination of both their civil and their criminal cases. In addition, in adopting in Baugh the balancing test fromAfro-Lecon, Inc. v. United States, 820 F.2d 1198
(Fed. Cir.1987), this Court considered the criminal defendant's "interest in postponement of the civil proceedings," a phrase broad enough to encompass more than the right against self-incrimination. 530 So.2d at 244.
As a criminal defendant, Rawls is entitled to the protections of the limited discovery provided by the Alabama Rules of *Page 389 
Criminal Procedure.[5] This Court has consistently expressed concern that, in simultaneous proceedings, these protections could be undermined by misuse of the broad discovery afforded civil litigants, to the detriment of the criminal defendant.[6]
I concur with the holding that the trial court erred in denying Rawls's motion to stay the civil divorce proceeding until the completion of the criminal proceeding against him; however, because I would state the balancing test differently, I concur only in the result as to that portion of the main opinion
[4] This Court in Antonucci did not require the criminal defendant to make that choice.
[5] See, e.g., Rule 6.2(d), Ala. R.Crim. P. (denying the State the discovery of certain statements by the defendant and witnesses); Jackson v. State, 623 So.2d 411, 413
(Ala.Crim.App. 1993) (concluding that the State had no right to the defendants witness list).
[6] See Ex parte Coastal Training Inst.,583 So.2d 979, 98 1 (Ala. 1991) ("`The broad scope of civil discovery may present to both the prosecution, and at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in a criminal case.'" (quotingAfro-Lecon, 820 F.2d at 1203)).