McBRIDE, Judge.
The relators, Melvin P. Barre, District Attorney for. the Twenty-ninth Judicial District, and four taxpayers, have appealed from the judgment below dismissing their suit on exceptions of misjoinder of parties-plaintiff, nonjoinder o-f parties plaintiff,, want of capacity, and no right and no cause of action. Relators sought a judgment decreeing that Francis C. Fulton, Sr. is illegally holding the office of waterworks commissioner of St. John the Baptist Parish Waterworks District No. 1.
We need comment only on one of the exceptions, no cause of action, as appellee’s counsel has expressly abandoned the others.
, In October 1949 the aforesaid waterworks district came into being, but whether it was created as the result of the voluntary action of the police jury or as a result of a petition submitted by the owners of assessed lands in the district is hot shown by the petition. The then governor, Earl K. Long, appointed C. I. James to the Board' of Commissioners, his term being for one year which expired September 29, 1950. Subsequently, Charles Cascio was appointed; by the governor to fill the James vacancy, but'this'appointee, not possessing the required qualifications, never assumed the duties of the office.
Relators then go on to allege that on December 14, 1950 a petition signed by certain taxpayers assessed with property within the- waterworks district, which petition-recommended the appointment of C. I. James to succeed himself as a member of the Board of Commissioners, was presented to the governor, but that the governor not only ignored the recommendation but on December 22, 1950 appointed defendant,. Fulton, as waterworks commissioner to succeed James.
. It is alleged that Fulton is intruding into- and- unlawfully holding the .office for the reason .'that, never having been recommended for appointment by petition signed by the *23 owners of assessed property residing in Waterworks District No. 1, he is ineligible.
The sole question presented by the exception of no cause of action is whether the governor had the right to appoint as waterworks commissioner to fill the vacancy caused by the expiration of James’ term a person who did not have the written recommendation of the owners of assessed lands in Waterworks District No. 1.
Police juries may on their own initiative divide their respective parishes into one or more waterworks districts, but they must form a waterworks district when petitioned to do so by twenty-five or more persons owning and assessed for lands in the proposed district. LSA-R.S. 33:3811, 33:3814.
By its provisions, LSA-R.S 33:3812 entrusts the government of a waterworks district to a board of five members known as waterworks commissioners. The qualifications such commissioners must possess are then enumerated.
LSA-R.S. 33 ¡3813 provides the manner in which the commissioners are to be appointed, their tenure, and the method of filling vacancies. That section reads thus:
“In the ordinance creating waterworks districts under this Chapter the police jury shall appoint three commissioners recommended in the petition for the creation of the districts. The other two commissioners shall be appointed by the governor upon the recommendation of the petitioners for the district. The said five commissioners shall, at their first meeting determine by lot their terms of office, which shall be respectively, one, two, three, four, and five years and they shall serve until their successors shall have been appointed and qualified. All commissioners thereafter appointed, shall be appointed for terms of five years.
“Any vacancy which occurs by expiration or otherwise of any commissioner appointed by the police jury shall thereafter be filled by the police jury and any vacancy which occurs- by expiration or otherwise of any commissioner appointed by the governor shall be filled by the governor.
“All- recommendations for appointment shall be made upon petitions in writing. If more than one petition is presented the appointments shall be ■ made from the recommendation contained in the petition representing the greatest amount of assessed value of property in the waterworks district.
“All petitions shall be tabulated and submitted to the clerk of court and the assessor of the parish wherein the district is located for verification as to - correctness. They shall be acted upon at the next meeting folio-wing.”
After considering the above mentioned sections of the LSA-Reviséd Statutes of 19S0, source Act No. 343 of 1926, as amended, we have come to the conclusion that the exception of no cause of action was properly maintained below. The governor appointed James to the first Board of Commissioners upon the formation of Waterworks District No. 1, -and at the expiration of the term for which James had been appointed it was the governor’s prerogative to fill the vacancy. He was not bound by any petitions of the taxpayers of the district as to who the appointee should be, nor was it necessary that the appointee even be recommended.
While the third paragraph of LSA-R.S. 33:3813 follows the provision “Any vacancy which occurs by expiration or otherwise of any commissioner appointed by the * * * governor shall be filled by the governor”, it does not qualify the governor’s right to appoint a successor commissioner by restricting the appointment to a person who has been recommended.
A statute is passed as a whole, and to arrive at the intention of the Legislature every part thereof is to be studied and construed together. After reading all of LSA-R.S. 33:3813, along with the other pertinent sections, we do not believe that the Legislature intended that recommending petitions would be necessary in the case of a vacancy on the board. It is clear that the third paragraph' of the section is to be read in conjunction with the first paragraph, the language of which pertains solely to the constitution of the first board of commissioners of a newly created waterworks dis *24 trict. It is made the duty of tlie police jury to appoint three of the five commissioners recommended in tire petition for the creation of the district, and the two other commissioners are to be appointed by the governor upon the recommendation of the petitioners. The third paragraph merely provides that all appointments are to be made from recommendations by petitions in writing, and that if there be more than one petition, then appointments shall be made from the recommendations contained in the petition representing the greatest amount of assessed property in the district.
Provisions are made which meticulously set forth the minimum number and the class of persons who can make recommendations for appointments to the first board. No such or similar provisions are made with respect to filling vacancies, and it strikes us that this demonstrates clearly that the third paragraph does not apply in such case. We believe that if it was contemplated that vacancies are to be filled, only upon written petitions of recommendation, some provisions would have been made respecting the number of persons necessary to make the recommendations and the qualifications they must have.
It would not do to say that the third paragraph . contemplates that recommendations of person? to fill vacancies are to be made by those who had originally petitioned for the creation of the district. Any such construction of the paragraph would lead to anomalous consequences, for a time must come when none of the original petitioners remain alive.
A construction which would bring about absurd consequences should be avoided unless the intent of the Legislature is so manifest that no other construction is possible. We are bound to presume that absurdities were not contemplated and that a construction should be adopted that it may be reasonably presumed was intended.
Therefore, the judgment insofar as it maintains the exception of no cause of action and dismisses relators’ suit at their cost be and the same is hereby affirmed.
Affirmed.