LOTTINGER, Judge.
Petitioner, Wilbur Tabor, claiming to be the rightful holder of an office as Commissioner of Waterworks District No. 3 of the Parish of St. Mary, Louisiana, petitioned the Court for a writ of Quo Warranto against defendant, John Siracusa, Jr., directing him to declare under what authority he holds the office claimed by petitioner. The writ was issued and, after trial thereon, the Lower Court rendered judgment decreeing that defendant was illegally holding the said office, and recognizing the petitioner to be the rightful holder thereof. The defendant was granted a suspensive appeal.
*122 The record discloses that by Ordinance No. 581 of the Police Jury of St. Mary Parish, Louisiana, Waterworks District No. 3 of the Parish of St. Mary was created on July 8, 1953. In said Ordinance three residents of said Waterworks District were appointed as Commissioners under the provisions of LSA-R.S. 33:3813, and the Ordinance requests that the Governor of the State of Louisiana appoint the other two members under the provisions of said statute. In accordance with the request as made in the Ordinance of the Police Jury, the then Governor of the State of Louisiana appointed Chester Guidroz to the Office of Commissioner which is now in dispute. Mr. Guidroz died while in office and defendant, John Siracusa, Jr., was appointed by the Governor during the year 1956 to fill the vacancy and to serve the remainder of the unexpired term created by the death of Mr. Guidroz. This term expired in July, 1960 and, on or about October 31, 1960, the Governor reappointed the defendant to the office for a five year term pursuant to the provisions of LSA-R.S. 33:3813.
It appears that a dispute as to the domicile of defendant arose some time during the year 1960 or 1961, and, on January 5, 1961 the petitioner herein was appointed by the Governor to fill a vacancy created by the removal by defendant of his domicile from the District. The petitioner took the oath of office, however, his commission was challenged by the Board of Commissioners, which resulted in the filing of this lawsuit. The petitioner claims that defendant is no longer a resident of the Waterworks District and, accordingly, has lost his qualification to act as a Commissioner, and, furthermore, that waterworks Commissioners serve at the pleasure of the Governor and may be removed from said office at any time and without cause. Defendant, on the other hand, contends that he still resides within' the confines of the Waterworks District, and, furthermore, that the Governor is without the authority to remove him from said office during the five year term to which he was appointed.
The Lower Court held that the initial appointment by the Governor of the two Commissioners to any Waterworks District is not at the pleasure of the Governor, however, all subsequent appointments by the Governor to said office under the provisions of LSA-R.S. 33:3813 are governed by the provisions of LSA-R.S. 42:4 to the end that such subsequent appointments are at the pleasure of the Governor. The Lower Court therefore held in favor of petitioner and against defendant, and the defendant has taken.a suspensive appeal.
LSA-R.S. 33:3813 as amended by Act No. 229 of 1956 provides as follows:
“Appointment of waterworks commissioners ; terms; vacancies
“In the ordinance creating waterworks districts under this Chapter, the police jury shall appoint three commissioners recommended in the petition for the creation of the districts. If no-recommendation is made in the said petition, or no petition is received, the police jury shall exercise discretion in the choice of said commissioners. The other two commissioners shall be appointed by the governor upon the recommendation of the petitioners for the district. If no recommendation is made in the said petition, or no petition is received, the governor shall exercise discretion in the choice of said commissioners. The said five commissioners shall, at their first meeting, determine by lot their terms of office, which shall be respectively one, two, three, four and five years, and they shall serve until their successors shall have been appointed and qualified. All commissioners thereafter appointed shall be appointed for a term of five years.
“Recommendations for the original appointment shall be made upon petitions in writing. If more than one petition is presented the appointments shall be made from the recommendation contained in the petition representing the *123 greatest amount of assessed value of property in the waterworks district.
“Petitions shall be tabulated and submitted to the clerk of court and the assessor of the parish wherein the district is located for ratification as to correctness. They shall be acted upon at the next meeting following by the police jury, and shall he acted upon by the governor within twenty days from the date of receipt thereof.
“Any vacancy which occurs by expiration or otherwise of any commission■er appointed by the police jury shall thereafter be filled by the police jury, ■at its sole discretion; any vacancy which occurs by expiration or otherwise of any commissioner appointed by the governor shall be filled by the governor at his sole discretion.”
LSA-R.S. 42:4 provides, in part, as follows :
“A. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This Section shall not apply to officers appointed by the Governor upon recommendation or from lists submitted by others where the law requires appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate.”
Under the provisions of LSA-R.S. 33:3813, it appears that, as regards original appointees to the Commission, the Governor is bound to comply with the recommendations of the petitioners for the District. Only if no recommendation is made in said petition, or no petition is received, may the Governor exercise his sole discretion in the choice of initial commissioners. However, the fourth paragraph of said statute provides that any vacancy which occurs by expiration or otherwise of any commissioner shall be filled at the sole discretion of the Governor. According to this last paragraph, no list or petition is required, and the office may be filled by any qualified appointee chosen by the Governor. Furthermore, under the provisions of LSA-R.S. 42:4, all public officers who are appointed by the Governor shall serve at the Governor’s pleasure. This means that the Governor may, in his own discretion, remove such officer at any time. This applies to all officers appointed by the Governor with the exception of those appointments made upon recommendation or from lists submitted by others where the law requires appointments to be so made or where the Constitution requires otherwise.
In State ex rel. Barre vs. Fulton, La.App., 63 So.2d 21, the Court refused to oust a waterworks commissioner appointed by the Governor against the recommendation as submitted. The Court held that, inasmuch as this was not an initial appointment, the “petition” requirement of LSA-R.S. 33:3813 was not applicable. The Court said that as to subsequent appointees, the Governor was not bound by any petition of the taxpayers of the District as to whom the appointee should be, nor was it necessary that the appointee be even recommended.
 It therefore appears that, under the provisions of LSA-R.S. 33:3813, no petition, recommendation, or list is required as regards subsequent appointees who, according to the fourth paragraph of said statute, shall be appointed “by the governor at his sole discretion”. Inasmuch as no petition, recommendation, or list is required, the provisions of LSA-R.S. 42:4 prevail to the effect that subsequent Governor appointees to the office shall serve at the pleasure of the Governor. The decision of the Lower Court was therefore correct, and the question as to residence of defendant becomes moot.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.