William Dean Parker was convicted for robbery in the first degree and sentenced to 20 years' imprisonment. That conviction is reversed because of the prosecutor's racial discrimination in the selection of the jury in violation of Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987).
 I
The prosecutor used 6 of his 8 peremptory strikes to remove blacks from the jury venire. After the defendant objected, the trial judge required the prosecutor to state his reasons for the strikes. We find one of those reasons insufficient.
That reason appears in the record as follows:
 "[MR. MADDOX (Assistant District Attorney)]: My next strike was Number 92, Ms. Nettles, who said she was with the Montgomery Community Action Organization, and as I understand that, that's some sort of political organization. At the last trial of this case, we had an argument that related to racial matters made by the defense counsel who is not defense counsel in this case.
"THE COURT: Who was it?
 "MR. MADDOX: Mr. Gatewood Walden. His closing argument made reference to racial prejudice. I might add we had a hung jury."
We find that this does not constitute a racially-neutral reason.
A prosecutor may not use peremptory jury strikes in a racially discriminatory manner. Batson, supra. The principles of Batson, as interpreted by the Alabama Supreme Court, are set out in Ex parte Branch, supra, and Harrell v. State,555 So.2d 263 (Ala. 1989), and need not be restated here.
In Branch, 526 So.2d at 624, our Supreme Court stated: *Page 337 
 "Other than reasons that are obviously contrived, the following are illustrative of the types of evidence that can be used to show sham or pretext:
 "1. The reasons given are not related to the facts of the case.
 "2. There was a lack of questioning to the challenged juror, or a lack of meaningful questions.
". . . .
 "6. '[A]n explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically.' Slappy [v. State], 503 So.2d [350, 355 (Fla.Dist.Ct.App. 1987)]. For instance, an assumption that teachers as a class are too liberal, without any specific questions having been directed to the panel or the individual juror showing the potentially liberal nature of the challenged juror."
"Group-based" strikes without "examination of [the] juror apparent in the record to determine any further information about the juror and the juror's competency to serve" caused our Supreme Court "great concern." Branch, 526 So.2d at 626 n. 13.
The actual voir dire of the jury venire is not contained in the record before this Court. However, the record does include the "State's questions for jury voir dire" which reveals that the State requested the trial judge to ask the venire 5 short questions which have absolutely no connection with the explanation given for striking Juror No. 92. "An examination of the voir dire questioning shows a complete lack of meaningful questions directed to the black venirepersons and related to the reasons given for striking them. 'A prosecutor's failure to engage black prospective jurors "in more than desultory voir dire, or indeed to ask them any questions at all," before striking them peremptorily, is one factor supporting an inference that the challenge is in fact based on group bias.'People v. Turner, 42 Cal.3d 711, 726 P.2d 102, 111,230 Cal.Rptr. 656 (1986)." Avery v. State, 545 So.2d 123, 127
(Ala.Cr.App. 1988).
In the recent case of Warner v. State, [Ms. 3 Div. 945, February 23, 1990] (Ala.Cr.App. 1990), this Court made the following observations in finding that the tenets of Branch andBatson had been "minimally satisfied:"
 "Explanations based on 'gut feelings' obviously fall short of the Batson requirement. United States v. Horsley, 864 F.2d 1543, 1546 (11th Cir. 1989). ' "[A]n explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically [is the type of evidence that can be used to show sham or pretext]." Slappy [v. State], 503 So.2d [350] at 355 [(Fla. Dist. Ct. App. 1987)]. For instance, an assumption that teachers as a class are too liberal, without any specific questions having been directed to the panel or the individual juror showing the potentially liberal nature of the challenged juror.' Ex parte Branch, 526 So.2d at 624. See also Williams [v. State], 548 So.2d [501, 507 (Ala.Cr.App. 1988)] ('The explanation given for some of the strikes was based on an assumed employment group bias, which was not shown to apply factually to any venireperson specifically or to the facts of the particular case. No explanation was offered to explain why a school teacher, a college counselor, a school lunchroom worker, or a person connected with a mental health organization would be against, rather than in favor of, the prosecution. . . . That these persons were challenged without being examined on voir dire in reference to any possible bias they might have because of their employment or position in society raises a strong inference that they were excluded on the basis of race alone.'); United States v. Wilson, 867 F.2d 486, 487-88 (8th Cir. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 92, 107 L.Ed.2d 57
(1989) (explanation for striking venireman due to his occupation as a social worker coupled with his professional contact with defense lawyers but not with prosecutors was reasonable).
". . . .
 "In considering this issue, we have taken note of the fact that the State in this case does not write on a clean slate. A number of cases prosecuted in Montgomery County have been reversed because *Page 338 
of a Batson violation. Powell v. State, 548 So.2d 590 (Ala.Cr.App. 1988), affirmed on other grounds, 548 So.2d 605, 606 (Ala. 1989); Williams v. State, 548 So.2d 501 (Ala.Cr.App. 1988); Acres v. State, 548 So.2d 459 (Ala.Cr.App. 1987). This consideration is a relevant factor in our review. United States v. Hughes, 864 F.2d 78, 80 (8th Cir. 1988)."
The comments this Court made in Williams v. State,548 So.2d 501, 508 (Ala.Cr.App. 1988), are relevant and of equal application in this case:
 "The record fails to disclose voir dire examinations supportive of the appellee's position. The voir dire was desultory, and fell far short of suggested examination of prospective jurors in cases of this kind by our supreme court in Ex parte Branch, 526 So.2d 609 (Ala. 1987). Appellee points out that the trial court conducted the voir dire examination of the jurors and implies that the prosecutor was thereby limited in her inquiry. Regardless of the reason for the lack of meaningful voir dire examination, the fact of the matter is that it was not undertaken and its absence here must be weighed against the state's position. We reiterate that the fact that the black jurors who were challenged without being examined on voir dire in reference to possible bias because of their employment, position in society, age, and residence raises a strong inference that they were excluded on the basis of race alone. The state simply failed to meet its burden in overcoming the presumption that the strikes were racially discriminatory."
This Court is acutely aware of the fact that an appellate court may reverse a trial judge's determination that the prosecution's peremptory challenges were not motivated by intentional discrimination only if that determination is clearly erroneous. Branch, 526 So.2d at 625. Yet, if Batson andBranch are to have any meaning, this Court must reverse where its independent review convinces it that a clear abuse of discretion is present. Our Supreme Court has warned that "[i]n determining whether the evidence is sufficient to create an inference of discrimination, . . . [t]he trial court must use its discretion in weighing this kind of fact question, but this discretion must be tempered by a concern for the defendant's right to equal protection of the laws." Harrell, 555 So.2d at 268.
 "Trial courts should not require a strict or rigid quantum of proof by the defendant of the Batson elements. Rather, out of a concern for equal protection and justice under the law, trial courts must be sensitive to the defendant's Batson claims, and should not lightly brush them aside. Batson
demands that, in deciding whether the defendant has carried his burden of proving a prima facie case, the trial court 'must undertake "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." ' Batson, 476 U.S. at 93 [106 S.Ct. at 1721]." Harrell, 555 So.2d at 268.
"The trial judge cannot merely accept the specific reasons given by the prosecutor at face value." Branch, 526 So.2d at 624.
Here, the State failed to carry its "burden of articulating a clear, specific, and legitimate reason for the challenge which relate[d] to the particular case to be tried, and which is nondiscriminatory." Branch, 526 So.2d at 623 (emphasis in original). "[T]he removal of even one juror for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant."Harrell, 555 So.2d at 267.
In 1988, the Alabama Supreme Court in Branch, 526 So.2d at 621-26, established "some general guidelines" for courts to follow in implementing the command of the United States Supreme Court in Batson. Both the letter and the spirit of those guidelines and that command must be satisfied in every case. Because they were not in this particular case, the judgment of the circuit court is reversed.
 II
In remanding this case for the reason set out in Part I of this opinion, we do not decide the three other issues raised by *Page 339 
the defendant on this appeal. We do note that the prosecutor's several comments, injecting his personal knowledge and opinion, unsupported by the evidence, into the case may very well have required this case to be reversed had proper and timely objection been made. Additionally, we caution that the better practice is for the trial judge to instruct the jury on the principles of mistaken identity where identification is a major issue at trial and where the defendant has made a proper request. See Jones v. State, 450 So.2d 165, 167-69 (Ala.Cr.App. 1983), affirmed, 450 So.2d 171 (Ala.), cert. denied,469 U.S. 873, 105 S.Ct. 232, 83 L.Ed.2d 160 (1984). See also Jones v.Smith, 599 F. Supp. 1292, 1304 (S.D.Ala. 1984), affirmed,772 F.2d 668, 672-73 (11th Cir. 1985), cert. denied, 474 U.S. 1073,106 S.Ct. 838, 88 L.Ed.2d 809 (1986); United States v.Ramirez-Rizo, 809 F.2d 1069, 1071-72 (5th Cir. 1987).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.