The appellant, Johnny Jesse Newman, was convicted after a jury trial of the capital offense of murder committed during the course of a burglary, in violation of § 13A-5-40(a)(4), Code of Alabama 1975. He was sentenced to life in prison without the possibility of parole. He raises 10 issues on appeal; however, because we reverse on this issue, we need only discuss whether the state exercised its peremptory challenges in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
At trial, the court stated that it did not believe that the appellant had proved a prima facie case of discrimination, but it nevertheless ordered the state, over objection, to provide reasons for its strikes. Therefore, this court will review the propriety of those strikes. See Huntley v. State,627 So.2d 1013, 1016 (Ala. 1992) (wherein the court held that "the reviewing court's inquiry, whether the State's explanations are offered voluntarily or by order of the trial judge, shall not be restricted by the mutable and often overlapping boundaries inherent within a Batson — analysis framework, but, rather, shall focus solely upon" the trial court's determination of the propriety of the strikes); McLeod v. State, 581 So.2d 1144
(Ala.Cr.App. 1990); Currin v. State, 535 So.2d 221
(Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala. 1988). Seealso Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859,114 L.Ed.2d 395 (1991).
The appellant contends that the state improperly struck black venirepersons because, he says, the voir dire does not support the state's proffered reasons for its strikes of black venirepersons. Because one unconstitutional strike requires reversal, see Ex parte Bird, 594 So.2d 676 (Ala. 1991); Harrellv. State, 555 So.2d 263 (Ala. 1989); Parker v. State,568 So.2d 335 (Ala.Cr.App. 1990), we need discuss only the strike that we conclude was improper.
The prosecutor stated that he struck J.M., venireperson no. 90, because a deputy sheriff knew her. He also stated that "we" checked her address to confirm her identity and that she was from Gordon. He further stated that the deputy told him that "just about the whole family . . . has been prosecuted by our staff here in this circuit" and that consequently he believed that she would be biased against state. Our examination of the voir dire questioning reveals that J.M. did not respond to the prosecutor's voir dire question of whether any of her family members or friends had been prosecuted for committing a felony.
It could be argued that the prosecutor's reason for striking J.M. did not conflict with her silence because the prosecutor did not distinguish whether the crimes for which her relatives had been prosecuted were misdemeanors or felonies, whereas her silence could only be taken to mean that she knew of no felony prosecution. However, we will not resort to speculation on the question of whether the prosecutor, in giving his reason, was speaking only of misdemeanors; if he had knowledge that the veniremember's relatives had been prosecuted for misdemeanors only, he should have so specified. Because he did not so specify, we are left only a the glaring inconsistency. If he did not know in what category the prosecutions fell, and it will be apparent below that he did not, we consider that he should have taken action to resolve any doubt that would have existed based on his information and the venireperson's silent declaration that none of her relatives had been prosecuted for a felony.
This strike is virtually indistinguishable from two of the strikes held to constitute reversible error in Walker v. State, *Page 134 
611 So.2d 1133 (Ala.Cr.App. 1992). In Walker, the prosecutor struck two venirepersons because he had been told by an investigator and a probation officer that the venirepersons in question were related to persons who had been prosecuted and convicted. However, neither venireperson responded during voir dire when asked if any family member had been prosecuted for committing a felony. In reversing Walker's conviction and sentence, this court held as follows:
 "The most troubling reasons for the state's strikes are that a veniremember's relative had a recorded criminal history (such as arrests, prosecutions, or convictions) and that he or she did not respond when asked on voir dire whether a relative had been prosecuted for a felony. While these reasons are, under some circumstances, valid race-neutral reasons for a strike, see, e.g., Powell v. State, 608 So.2d 411 (Ala.Cr.App. 1992); Lynn v. State, 543 So.2d 704 (Ala.Cr.App. 1987), aff'd, 543 So.2d 709 (Ala. 1988), cert. denied, 493 U.S. 945 [110 S.Ct. 351, 107 L.Ed.2d 338] (1989); under other circumstances, they may be a sham or pretext for discrimination, see Ex parte Bird, 594 So.2d 676, 683 (Ala. 1991). In Bird, the Alabama Supreme Court held that 'the failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination' and that 'if the prosecut[or] thinks that a veniremember may be related to a former defendant, [he] must ask the veniremember.' Id. (Citations omitted; emphasis added [in Walker].) The Bird
court also noted that 'a simple question directed to the veniremember could have dispelled any doubt about a possible relationship.' Id. (Emphasis added.) A 'prosecutor's self-imposed ignorance [should not] preclude a Batson claim.' Id.
(quoting, Note, Batson v. Kentucky and the Prosecutorial Peremptory Challenge: Arbitrary and Capricious Equal Protection, 74 Va.L.Rev. 811, 827 (1988)). Compare Smith v. State, 590 So.2d 388, 390 (Ala.Cr.App. 1991) (wherein the court, in holding that the defendant may not cross-examine jurors or go behind the prosecutor's information to determine if such information was true, stated that a 'prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral').
 "Based on this rationale, even assuming that the reasons given by the prosecutor for his strikes of veniremembers nos. 117, 126, 34, 36, 35, and 98 based on their alleged relationship to alleged relatives with alleged recorded criminal history or on their failure to answer the related question on voir dire are true, we cannot conclude that those reasons are race neutral or facially valid. None of these veniremembers responded affirmatively when asked if any of their family members had been prosecuted for committing a felony (nor did any white veniremembers). The prosecutor never sought to confirm or to refute his assumptions with further questioning. Thus, we conclude that the voir dire examination is void of meaningful questions directed to the black veniremembers in regard to the particular reasons given for striking them.
 "A prosecutor cannot simply presume, without further questioning to 'dispel any doubt,' that a veniremember, who is under oath, did not answer a question truthfully merely because the prosecutor has hearsay evidence to the contrary. See Bird. See also Harrell v. State, 571 So.2d 1270, 1272 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991) (wherein the court noted that '[t]he record fails to show that any of the five blacks responded to the prosecutor's questions in such a way as to give insight into why they were stricken'); Guthrie v. State, 598 So.2d 1013
(Ala.Cr.App. 1991), cert. denied, 598 So.2d 1020
(Ala. 1992) (trial court's ruling reversed for a total lack of voir dire questioning to support proffered reasons, some of which were based on alleged relationships with persons charged or convicted of crimes); Jackson v. State, 557 So.2d 855, 856 (Ala.Cr.App. 1990) (trial court's ruling reversed where prosecutor failed to ask questions on voir dire 'relating to the explanation he gave for his strikes of any black veniremember'); Avery v. State, *Page 135 545 So.2d 123, 127 (Ala.Cr.App. 1988) (in addressing the reason that there had been other defendants in prior cases with the same last name, the court observed that the 'prosecutor could have resolved her suspicions by asking a few simple questions on voir dire,' and that the Branch court found that 'intuitive judgment or suspicion by the prosecutor is insufficient to rebut the presumption of discrimination,' 526 So.2d at 623); Floyd v. State, 539 So.2d 357, 362 (Ala.Cr.App. 1987) (mere suspicion of relationship between veniremember and previously prosecuted defendant with same surname was held insufficient; prosecutor could have easily ascertained what relationship, if any, existed by asking a simple question on voir dire); Acres v. State, 548 So.2d [459] at 473 [Ala.Cr.App. 1987] (striking of veniremember on belief that prosecutor's records showed her to have a conviction not upheld where a review of the records did not support this conclusion; a question on voir dire could have clarified this discrepancy).
 "Here, the trial court had 'nothing on which to make the required "sincere and reasonable effort to evaluate the evidence and explanations based on the circumstances as [it knew] them," ' Bird, 594 So.2d at 683 (quoting Branch [v. State], 526 So.2d [605] at 624 [(Ala. 1987)]), except the prosecutor's unsupported assertion that each veniremember struck was related to someone prosecuted for a felony in the face of each veniremember's implied denial of any such relationship. We find that the prosecutor's rationale 'in substance, amounted to a "mere general assertion" of nondiscrimination,' 594 So.2d at 683, especially in light of each veniremember's silence when asked the question intended to elicit any relationship. Because the prosecutor's suspicion of the veniremember's relationship with someone with a recorded criminal history or the veniremember's failure to answer the related question on voir dire was the sole basis for the prosecution's striking of veniremembers nos. 126, 34, and 35, the judgment must be reversed and the case remanded for a new trial. See Bird, 594 So.2d at 683 ('one unconstitutional peremptory strike requires reversal'); Harrell v. State, 555 So.2d 263 (Ala. 1989); Parker v. State, 568 So.2d 335
(Ala.Cr.App. 1990)."
Id. at 1139-40 (footnote omitted).
Because the strike of J.M. is indistinguishable from the strikes of venirepersons nos. 126 and 35 held reversible inWalker, this cause must be reversed and remanded for a new trial.[1]
REVERSED AND REMANDED.
TAYLOR and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins in the dissent.
[1] The strike of veniremember no. 34 in Walker is distinguishable from the strike in the instant case.