667 So.2d 137 (1993)
Ex parte State of Alabama.
(In re Johnny Jesse NEWMAN
v.
STATE of Alabama).
1920659.
Supreme Court of Alabama.
May 21, 1993.
James H. Evans and Jeff Sessions, Attys. Gen., and Norbert H. Williams, Asst. Atty. Gen., for petitioner.
*138 Charles H. McDougle, Jr. of Ramsey, Baxley, McDougle & Collier, Dothan, for respondent.
HOUSTON, Justice.
Johnny Jesse Newman was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. On appeal, Newman raised 10 issues, one of which was whether the state exercised a peremptory challenge in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Criminal Appeals, in a 3-2 decision, reversed the conviction, finding a Batson violation. We granted the state's petition for the writ of certiorari, to determine whether the Court of Criminal Appeals erred in holding that the state's reason for striking veniremember number 90 was not race-neutral.
In reversing, the Court of Criminal Appeals held that the state's strike of veniremember number 90 was "virtually indistinguishable from two of the strikes held to constitute reversible error in Walker v. State, 611 So.2d 1133 (Ala.Crim.App.1992)." Newman v. State, 667 So.2d 132, 133-134 (Ala. Crim.App.1992). In Walker, the Court of Criminal Appeals reversed the judgment because it found that the basis for striking the veniremembers was the state's "suspicion" that they were related to someone with a recorded criminal history, although the state asked no questions to confirm this suspicion, or the veniremembers' failure to answer on voir dire a question regarding whether they were related to someone who had been prosecuted for a felony, when in fact, others had also failed to answer. Id. at 1139-40.
The state argues that this case is "clearly distinguishable from Walker," because, in this case, it says, it had "more than a mere suspicion about juror number 90's relationship with someone with a recorded criminal history." According to the state, it knew "for a fact that [juror number 90] had relatives with criminal histories. No guesses, like in Walker, no surmises, like in Walker, and no speculation, like in Walker."
Newman maintains that the Court of Criminal Appeals correctly reversed his conviction because, he says, the state struck veniremember number 90 "without engaging in any meaningful voir dire in regard to the particular reasons given for striking her."
The record shows that the following occurred at the Batson hearing:
"The Court: All right. I don't think there's been a prima facie case made out. However, I'm going to ask you to go ahead and put the reasons on the record.
"....
"[Prosecutor]: ... Going on to ... Number 90.... As you know, prior to court week, we sent out our jury lists to law enforcement.... [A] deputy with the Sheriff's Department knows her. She's from Gordon. We checked the address. She is from Gordon. In fact, [the deputy sheriff told me that] just about the whole family ... has been prosecuted by our staff here in this Circuit. For that reason, I felt she would be biased [against] the state. Also, [the deputy sheriff] said [he felt that] she would ... be biased [against] the state, and for those reasons I struck Number 90.

". . . .
"The Court: The court rules that [the state's] reasons are race-neutral."
From the foregoing, and based on a review of the entire record, the petition for the writ of certiorari, the brief in support of the petition, the reply brief, and the applicable law, we agree with Judge Bowen's statement in his well-reasoned and well-researched dissent in this case that "under the facts of this case, the prosecutor's reason [for striking veniremember number 90 from the jury venire] was sufficient." 667 So.2d at 135. (Emphasis in original.) Therefore, the judgment of the Court of Criminal Appeals should be reversed and the case remanded for further proceedings consistent with this opinion.
In light of Judge Bowen's dissent, any further discussion of the applicable law or of the application of that law to the facts of this case is unnecessary. We therefore adopt Judge Bowen's dissent as the opinion of this Court.
*139 REVERSED AND REMANDED.[*]
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, KENNEDY, and INGRAM, JJ., concur.
ADAMS, J., dissents.
ADAMS, Justice (dissenting).
I respectfully dissent. The majority adopts the dissenting opinion in which two judges of the Court of Criminal Appeals attempted to distinguish this case from Walker v. State, 611 So.2d 1133 (Ala.Crim.App.1992). In my judgment, the facts surrounding the peremptory challenge in this case cannot be distinguished in any relevant respect from those involved in challenges to veniremembers 35 and 126 in Walker. Walker correctly held that where veniremembers do not respond to a general voir dire question regarding familial relationships with alleged subjects of felony prosecutions, the State must, in order to rebut a prima facie case of discrimination, individually question the veniremember and cannot rely on hearsay statements regarding alleged relationships and prosecutions by law enforcement personnel or investigators. 611 So.2d at 1140.
During voir dire in this case, veniremember number 90 "did not respond to the prosecutor's ... question of whether any of her family members or friends had been prosecuted for committing a felony. "Newman v. State, 667 So.2d 132 (Ala.Crim.App. 1992) (emphasis added). The State's only explanation for its challenge of this veniremember is contained in the following statement:
"As you know, prior to court week, we sent out our jury lists to law enforcement. Donald Valenza, who is a deputy with the sheriff's department, knows her. She's from Gordon. We checked the address. She is from Gordon. In fact, just about the whole family, he told me, has been prosecuted by our staff here in this circuit. For that reason, I felt that she would be biased [against] the State. Also, Valenza said she would, he felt, be biased [against] the State, and for those reasons, I struck Number 90."
The State did not individually question this veniremember regarding her relationship with those persons of the same name who were allegedly subjects of prosecution.
The majority of the Court of Criminal Appeals correctly observed that the State's explanation, which failed to differentiate between felony and misdemeanor prosecutions, created a "glaring inconsistency" with the State's voir dire, which was limited to questions regarding felony prosecutions. In addition, the fact that veniremember 90 did not respond during voir dire could be understood as evidence that she was not related to the individuals allegedly prosecuted. Under these facts, the State's failure to ask veniremembers any follow-up questions pertinent to "the particular reasons given for striking them," Walker, 611 So.2d at 1140, that is, regarding a familial relationship to individuals alleged to be subjects of prosecution, fatally undermines its proffered explanation. See Ex parte Bird, 594 So.2d 676 (Ala.1991); Ex parte Branch, 526 So.2d 609 (Ala.1987). Consequently, I must respectfully dissent.
NOTES
[*] Note from the reporter of decisions: Following the remand by the Alabama Supreme Court, the Court of Criminal Appeals on July 7, 1995, affirmed, without opinion, and that court on August 18, 1995, denied rehearing, without opinion. The Alabama Supreme Court denied certiorari review on November 17, 1995, without opinion (docket 1941778).