LONG, Presiding Judge.
Johnny Jesse Newman appeals from the trial court’s denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. Newman was convicted in March 1992 of murder made capital because it was committed during a burglary. See § 13A-5-40(a)(4), Ala.Code 1975. He was sentenced to life in prison without the possibility of parole. On November 25, 1992, this court, in a 3-2 decision, reversed Newman’s conviction, finding that the state had violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in its use of its peremptory challenges. Newman v. State, 667 So.2d 132 (Ala.Cr.App.1992). On May 21, 1993, however, the Alabama Supreme Court reversed this court’s judgment and remanded the case to this court. Newman v. State, 667 So.2d 137 (Ala.1993). Following the remand by the Alabama Supreme Court, this court, on July 7, 1995, affirmed Newman’s conviction by unpublished memorandum. On November 17, 1995, the Alabama Supreme Court denied certiorari review. Newman filed his Rule 32 petition on September 11, 1997.
In his petition, Newman alleges numerous instances of ineffective assistance of trial counsel and appellate counsel. The trial court conducted an evidentiary hearing on the petition and denied the petition, but did not make “specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d), Ala.R.Crim.P. The state has requested that we remand this ease to the trial court so that that court can comply with Rule 32.9(d). See Chambers v. *673 State, 627 So.2d 1100 (Ala.Cr.App.1993). Accordingly, this case is remanded for the trial court to make specific findings of fact relating to each material issue of fact presented in Newman’s petition. The trial court is directed to specify the reason or reasons for its denial as to each claim in Newman’s petition. Due return should be filed in this court no later than 49 days from the date of this opinion.
REMANDED WITH DIRECTIONS. *
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.