LONG, Presiding Judge
(concurring in the result to remand).
I am concerned that certain language in the majority opinion could be construed to require that, in every case, the proponent of a peremptory strike must substantiate its reasons for a particular strike with concrete evidence on the record. While it is doubtless better for the proponent of a strike to come forward with evidence to support the reasons it has proffered for a strike, neither Batson nor its Alabama progeny mandates that the proponent establish evidentiary support for a strike. The majority notes that the prosecutor did not inquire of the veniremembers during voir dire examination as to whether they had any prior criminal histories. However, ordinarily, parties should not be expected to risk embarrassing or alienating prospective jurors by pressing them ■ during general voir dire with questions concerning criminal records. See Newman v. State, 667 So.2d 132, 136 (Ala.Cr.App.1992) (Bowen, P.J., dissenting), Judge Bowen’s dissenting opinion adopted by the Alabama Supreme Court in Newman v. State, 667 So.2d 137 (Ala.1993); see also Wilsher v. State, 611 So.2d 1175, 1183 (Ala.Cr.App.1992). Further, although the trial court should not accept a reason that has been proffered for a peremptory strike at “face value,” it is not a per se abuse of discretion for the trial court to assume that the proponent of the strike, usually an officer of the court, has been truthful and accurate when giving its reasons for a strike. The trial court is not required to request evi-dentiary support for every strike in every case, particularly in those instances where the challenging party has not specifically questioned the validity of the proffered reason or demanded further proof or explanation.
*1147 In the present case, the prosecutor stated that he struck every veniremember who had a criminal record, and it does not appear that the appellant’s counsel, in response, seriously questioned whether or not the black veniremembers who were struck by the prosecutor had criminal histories. However, because the appellant’s counsel informed the trial court that he did not have the criminal records of any of the veniremembers and pressed for a specific inquiry into whether the prosecutor engaged in disparate treatment of white and black veniremembers who had similar criminal records, the trial court should have taken reasonable steps to determine whether white veniremembers who were left on the jury had records of criminal convictions or charges similar to those of the struck black veniremembers. Cf. Reese v. City of Dothan, 642 So.2d 511, 514 (Ala.Cr.App.1993) (although the prosecutor did not present documentation substantiating his explanation that he struck black veniremembers because of their arrest records, it was not error to deny the defendant’s Batson motion where the defendant did not argue in the trial court that the prosecutor engaged in disparate treatment by failing to strike white veniremembers who had arrest records). At the time the prosecutor gave his reasons for striking the black veniremembers, the appellant was, as a practical matter, precluded from questioning the veniremembers directly as to the veniremembers’ criminal histories. The appellant’s counsel learned after the fact that the struck jurors allegedly had criminal records. Under the circumstances, the interest in affording the appellant a genuine opportunity to carry his burden of showing that the prosecutor’s stated reasons were pretextual warranted some further inquiry by the trial court to substantiate the prosecutor’s explanations. Therefore, I believe that a remand in this case is proper.